**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

WILLIAM E. PUTMAN, II,

Plaintiff,

v.

Case No. 1:23-cv-10427
District Judge Michael C. Martin

COUNTY OF TUSCOLA, et al.,

Defendants.
______________________________//

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 76), ADOPTING REPORT AND RECOMMENDATION (ECF No. 75), AND GRANTING CORRECTIONAL HEALTHCARE COMPANIES, LLC'S MOTION TO DISMISS (ECF No. 67)**

## I. INTRODUCTION

Plaintiff William Putman brought his complaint against Defendants County of Tuscola, Correctional Healthcare Companies, LLC ("CHC") (affiliated with Wellpath LLC), two CHC employees (Joseph Natole, and Jane Doe), and other individual defendants. Putman alleges that he "suffered an acute cardiac arrythmia that led to occlusion of coronary arteries while in custody at Tuscola County Jail ("TCJ") in Caro, Michigan, after Defendants intentionally withheld Mr. Putman's prescription heart medications." (ECF No. 19.) CHC has filed a motion to dismiss based on Wellpath's Chapter 11 bankruptcy. (ECF No. 67.) CHC asserts that Putman's claims against the company predate the bankruptcy plan's effective date

and thus are barred under 11 U.S.C. § 1141 and 524. (ECF No. 67, PageID.1046.) CHC further argues that because Putman did not timely object to the confirmation plan, his claims are not preserved. (ECF No. 67, PageID.1055.)

Before the Court is Magistrate Judge Patricia T. Morris's Report and Recommendation (R&R). (ECF No. 75.) The R&R recommended that the Court grant CHC's motion to dismiss. (ECF No. 67.) Putman objected to the R&R pursuant to Fed. R. Civ. P. 72(b)(2). (ECF No. 76.) CHC responded to Putman's objections. (ECF No. 78.)

## II. STANDARD

District judges review *de novo* any part of the magistrate judge's recommended disposition "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). This *de novo* review requires the Court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified. 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

Putman raises five objections to the R&R. First, Putman argues that the magistrate judge erred by not following Sixth Circuit precedent that "permits a plaintiff to continue litigation against a discharged debtor as a nominal defendant where the plaintiff seeks no recovery from the debtor or its estate, but instead

pursues recovery from a non-debtor insurer." (ECF No. 76, PageID.1327.) But the case Putman relies on, *Mauriello v. Great Am. E & S Ins. Co.*, 554 F. App'x 382 (6th Cir. 2014), is materially different than his case. In *Mauriello*, the plaintiff sought relief from the automatic stay of her suit against a defendant after the defendant filed for bankruptcy. *Id.* at 383. The bankruptcy court permitted the plaintiff to proceed but only to the extent there was insurance available. *Id.* The Sixth Circuit refused to interfere with the bankruptcy court's exercise of jurisdiction and held that the plaintiff should have appealed the bankruptcy court's decision if she believed it denied her the full extent of the relief sought. *Id.* at 385.

Here, unlike in *Mauriello*, the bankruptcy court already denied a motion to proceed against CHC as a nominal defendant. (ECF No. 75, PageID.1316–1317 (citing Case No. 24-90566, Document No. 1132 (Wellpath Bankruptcy Docket)).) The R&R therefore correctly recognized that "this court should not interfere with the Bankruptcy Court's exercise of its jurisdiction . . . ." (*Id.* at PageID.1317.) Thus, the R&R is in line with the Sixth Circuit's decision in *Mauriello*.

Putman's second objection is that the R&R ignored evidence of an available insurer. (*Id.* at PageID.1329.) However, the proof of an available insurer that Putman puts forth is insufficient. A plaintiff cannot "pursue discovery (and thereby impose costs on Wellpath in violation of the Bankruptcy orders) without some *plausible allegation* that there are in fact insurance proceeds available." *Thomas v.*

*McFadden*, 810 F. Supp. 3d 732, 742 (W.D.N.C. 2025) (emphasis added). In an attempt to make a plausible allegation, Putman first quotes the Confirmation Order, which states that "[n]othing in the Plan, the Plan Supplement, or this Order abrogates or impairs the rights of holders of Claims who did not file a proof of claim . . . to pursue rights, claims, and Causes of Action . . . against any applicable third-party insurance carrier(s), insurance policy(ies), other insurance programs, or any other Person." (ECF No. 67-1, PageID.1111.) But this does not demonstrate that insurance exists. Instead, it simply reiterates Putman's right to pursue a claim against an insurer ***if*** one exists. Similarly, Putman's reliance on Defendants Joseph Natole and Jane Doe's Motion to Extend Bankruptcy Stay is misplaced. In their motion, these defendants state that "any judgement [sic] or settlement payment that may be entered against [Defendants] or made on their behalf is or will be paid for by CHC or its insurer." (ECF No. 60, PageID.901.) However, the next paragraph confirms that "insurance coverage is not triggered until CHC's self-insurance retention ("SIR") is paid and exhausted entirely, and CHC cannot currently pay anything toward the SIR because of the stay, thus preventing insurance coverage on behalf of Defendants." (*Id.*) Putman's characterization of this prior motion as an admission that insurance exists is incorrect. Again, Putman relies on the phrase "or its insurer" as conclusive proof that insurance exists. Additionally, this motion was made by two CHC employees and not CHC itself. Although the Court agrees with

Putman that "Rule 8 does not require an incarcerated civil-rights plaintiff to plead policy numbers, retentions, exhaustions, or insurer identity," respecting the Bankruptcy Court's Order requires that Putman present something more than a theoretical third-party insurer. (ECF No. 76, PageID.1330.) Allowing Putman to engage in a fishing expedition to find some hypothetical insurer would defeat the protection guaranteed by the Bankruptcy Court's Order.

Putman's third objection is that the R&R disregarded *Poronto v. Hoist*, No. 24-CV-10522, 2025 WL 2700601 (E.D. Mich. Sept. 22, 2025). (*Id.* at PageID.1331.). In *Poronto*, the court permitted the plaintiff to maintain Wellpath as a nominal defendant. However, a survey of district court cases dealing with this same issue reveals that district courts have almost uniformly granted Wellpath's motion to dismiss pursuant to the bankruptcy court order. *See, e.g.*, *Simpson v. Corizon Health, Inc.*, No. 1:24-CV-10996, 2025 WL 4725109, at *4 (E.D. Mich. Nov. 12, 2025), *R&R adopted*, No. 24-10996, 2026 WL 1764841 (E.D. Mich. June 18, 2026) ("[T]his Court should join the majority of other courts who have considered the issue, and dismiss Plaintiff's claims against Wellpath."); *Nelms v. Wellpath, LLC*, No. 21-10917, 2026 WL 382027 (E.D. Mich. Feb. 11, 2026); *Kalchert v. Adamek*, No. 24-12637, 2026 WL 483638 (E.D. Mich. Feb. 20, 2026); *Altantawi v. Bouchard*, No. 2:22-CV-11906, 2025 WL 3491556 (E.D. Mich. Oct. 20, 2025), *R&R adopted*, No. 22-CV-11906, 2025 WL 3281534 (E.D. Mich. Nov.

25, 2025); *Miller v. Wellpath*, No. 4:23-CV-00282, 2025 WL 4236569 (M.D. Pa. Dec. 3, 2025), *R&R adopted*, No. 4:23-CV-00282, 2026 WL 450396 (M.D. Pa. Feb. 17, 2026). The Court finds these other decisions compelling. The General Form Order Regarding Lift Stay Motions from the Bankruptcy Court, which is cited in *Poronto*, *Nelms*, and *Kalchert*, permits holders of personal injury tort or wrongful death claims to proceed against Wellpath pursuant to the alternative dispute resolution procedures set forth in the Bankruptcy Plan or litigate claims in the district courts against the Wellpath Liquidating Trust. The Order does not, however, permit maintaining the Debtor as a nominal defendant. *See Kalchert*, 2026 WL 483638, at *2 ("[I]n light of the Bankruptcy Plan, [plaintiff] may not maintain Wellpath as a nominal defendant."). For this reason, the Court declines to follow *Poronto*.

Fourth, Putman claims that he was not provided with "constitutionally adequate notice of the bar date before it expired." (*Id.* at PageID.1334.) The Court rejects Putman's argument and finds that Putman received actual notice of the bankruptcy proceedings. "Due process is met if notice is reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response." *In re Talon Auto. Grp., Inc.*, 284 B.R. 622, 625 (Bankr. E.D. Mich. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "[I]f a creditor is known to the

debtor . . . actual notice of the relevant bar dates must be afforded to the creditor." *In re Talon Auto. Grp., Inc.*, 284 B.R. 622, 625 (Bankr. E.D. Mich. 2002) (citing *City of New York v. New York N.H. & H.R. Co.*, 344 U.S. 293, 296 (1953)). When the creditor has already filed a lawsuit against the debtor, and the debtor files a suggestion of bankruptcy as CHC did here, the creditor is put on notice that bankruptcy has been initiated and deadlines will be forthcoming. *See, e.g., Matter of Sam*, 894 F.2d 778, 781 (5th Cir. 1990) ("When a creditor is aware of the pendency of bankruptcy proceedings, the imposition of a duty on the part of the creditor to make an inquiry . . . is not so burdensome as to outweigh the need for expeditious administration of bankruptcy cases."); *In re Bateman*, 254 B.R. 866, 871 (Bankr. D. Md. 2000) ("It is widely recognized that the creditor with knowledge of the bankruptcy case has the burden of inquiry as to the bar date."). Here, CHC filed a Suggestion of Bankruptcy and Notice of Stay on November 15, 2024, which would have given Putman notice of the bankruptcy proceedings and forthcoming deadlines. (ECF No. 55.) Further, Putman's attorney indicated that he had been checking the bankruptcy docket. (ECF No. 70-1, PageID.1253.) The Court therefore finds that Putman had actual notice of the bankruptcy and the bar date and overrules Putman's fourth objection.

Fifth, Putman asserts that the "R&R errs by treating the Bankruptcy Code as a substitute for Rule 12 and by recommending dismissal with prejudice based on

affirmative defenses that are not established on the face of the pleadings." (*Id.* at PageID.1335.) While the Court agrees that Fed. R. Civ. P. 12(b) is the procedural mechanism to move for dismissal of a complaint, a bankruptcy discharge is routinely held as sufficient grounds to grant a motion to dismiss. *See, e.g., Parker v. Gugino*, No. 1:23-CV-01874-TWP-CSW, 2025 WL 3264103, at *2 (S.D. Ind. Nov. 21, 2025) ("Claims that have been discharged in bankruptcy can be dismissed for failure to state a claim."); *Abercrombie v. Jack Cooper Transp. Co., Inc.*, No. 1:19CV503, 2020 WL 3841270, at *1 (N.D. Ind. July 8, 2020) ("Plaintiff's claims were discharged in the bankruptcy . . . such that he fails to state a claim upon which any relief may be granted."); *Miller v. Wellpath*, No. 4:23-CV-00282, 2025 WL 4236569 (M.D. Pa. Dec. 3, 2025) (granting Wellpath's motion to dismiss on 12(b)(1) grounds). Additionally, Putman is correct to point out that an affirmative defense typically does not justify a 12(b)(6) dismissal unless the defense is apparent on the face of the complaint. *Marsh v. Genentech, Inc.*, 693 F.3d 546, 554–55 (6th Cir. 2012) ("A motion to dismiss can be premised on an affirmative defense, however, if the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief."). However, the Sixth Circuit has held that Section 524 "was designed 'to effectuate the discharge and make it unnecessary to assert it as an affirmative defense in a subsequent state court action.'" *In re Hamilton*, 540 F.3d 367, 372 (6th Cir. 2008). In other words, a bankruptcy

discharge defeats a claim that was discharged in bankruptcy before the defendant even asserts that defense. The Court agrees with the R&R's determination that the Bankruptcy Court's Order bars Putman's claim against CHC.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's objections to Magistrate Judge Morris's report and recommendation (ECF No. 76) are **OVERRULED**, the report and recommendation (ECF No. 75) is **ADOPTED**, and Defendant CHC's motion to dismiss (ECF No. 67) is **GRANTED**.

*s/*Michael C. Martin
Hon. Michael C. Martin
United States District Judge

Dated: November 5, 2026